## BURNS MOTOR CO. v. BRIGGS

Ohio Appeals, 9th Dist., Summit Co.

No. 1288. Decided Jan. 10, 1928.

**First Publication of this Opinion.**

Syllabus by the Court.

**118. AUTOMOBILES—719. LIENS.**

A garage owner who, upon the order of a city policeman, tows to his garage an automobile found parked upon a city street in violation of city ordinance, and keeps it in storage, does not have a claim against owner nor a lien upon automobile for towage and storage charges. * * *

Error to Common Pleas.
Judgment affirmed.

Slabaugh, Seiberling, Huber & Guintrer, Akron, for Burns Motor Co.

C. G. Roetzel, Akron, for Briggs.

STATEMENT OF FACTS

The original action in the trial court was one in replevin, filed by Briggs, the owner of a Ford Coupe automobile. The defendant, in its answer, alleged that the property was held and detained by it pursuant to a warehouse or storage lien, and, by way of cross-petition, sought recovery of the warehouse and towing charges in the sum of $20.00. On March 19, 1926, Briggs placed his car in a garage. On the next day, which was Sunday, he sent his agent to the garage to obtain the car, and was informed that it was missing. On the same morning an officer of the police department of the city found car standing on one of the main streets, and the police lieutenant in charge of traffic called the Burns Motor Company to take the car off the street. They immediately sent their wrecking car and brought the car into their garage.

Mr. Burns, the managing officer of the company, observed the presence of the car in his garage and, a few days later, called the police department with respect to the possession of the car, but the officers in charge were unable to give him the name of the owner. Later

Mr. Burns called the Akron Automobile Club and learned that the car belonged to Briggs. Burns then wrote a letter to Briggs who, being out of town at the time, did not claim the car for several days thereafter. He then ordered some minor repairs made and when he later came to take possession of the car, the defendant refused to surrender it unless he paid for the storage and towing charges.

OPINION OF COURT

The following is taken, verbatim, from the opinion.

PARDEE, J.

In this state no statutory authorization for the assertion of a storage lien upon automobiles can be found, and it is conceded that the old livery stable lien statutes of this state cannot be extended, by implication or otherwise, to cover motor vehicles.

It was recently decided by the Supreme Court of this state that a repair man does have a lien for materials furnished and labor performed in repairing an automobile. (107 OS. 583.)

The car was not placed in storage by the plaintiff nor by any one authorized to act for him. These officers were not his agents and they were not acting in accordance with the terms of any state law, or city ordinance, and did not have authority to place or order the car to be placed in the garage of the defendant so as to bind him for the storage and towing charges. There being no contract, express or implied, existing between the plaintiff and the defendant by which the plaintiff placed the car in storage and agreed to pay the defendant therefor, the defendant, in law, does not have a claim against the plaintiff nor a lien upon the automobile. (Coverlee v. Warner, 19 Ohio 29.)

If it be claimed that the car was lost property and that the finder is entitled to be indemnified by the owner for his necessary and reasonable expense, as distinguished from a lien, of course the defendant would not be entitled to recover its claim from the plaintiff, as the car was placed in storage by the finder and such claim, if any exists, would be based upon an implied contract against the finder to pay for the storage, and not against the true owner.

(Washburn, PJ., and Funk, J., concur.)